**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TERRANCE FRAZIER,

   *Plaintiff,*

v.

COMMISSIONER OF SOCIAL
SECURITY,

   *Defendant.*
_____/

CASE NO. 19-11097
DISTRICT JUDGE TERRENCE G. BERG
MAGISTRATE JUDGE PATRICIA T. MORRIS

**REPORT AND RECOMMENDATION ON PLAINTIFF'S**
**APPLICATION TO PROCEED *IN FORMA PAUPERIS* (R. 2.)**

**I. RECOMMENDATION**

Plaintiff Terrance Frazier has appealed Defendant Commissioner's denial of his application for disability benefits (R. 1) and now asks the Court to grant him *in forma pauperis* status to absolve him from prepaying any court fees. (R. 2.) Because Plaintiff has sufficient resources to pay the necessary fees, I recommend **DENYING** his application.

**II. REPORT**

Since 1892, federal courts have possessed statutory authority to permit commencement of cases *in forma pauperis* (IFP). *See Bruce v. Samuels*, 136 S. Ct. 627, 629 (2016). That power, presently codified at 28 U.S.C. § 1915, is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without advancing litigation fees and costs. *Flint v. Haynes*, 651 F.2d 970, 972 (4th Cir. 1981). An indigent litigant seeking to proceed

1

IFP must file an affidavit that includes a statement of that person's assets and his inability to pay the fees. *See* 28 U.S.C. § 1915(a)(1).

In *Adkins v. E.I. DuPont de Nemours, Inc.*, 335 U.S. 331, 339 (1948), the United States Supreme Court held that one need not be "absolutely destitute" to enjoy the benefit of proceeding IFP. *See also Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000). An affidavit to proceed IFP is sufficient if it states that one cannot, because of his or her poverty, afford to pay for costs of litigation and still afford necessities. *Adkins*, 335 U.S. at 339. "[T]he question is whether the court costs can be paid without undue hardship." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, F. App'x 239, 240 (6th Cir. 2001). Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

In determining IFP eligibility, "courts will generally look to whether the persons are employed, the person's annual salary, and any other property or assets the person may possess." *Schneller v. Prospect Park Nursing & Rehab. Ctr.*, No. 06-545, 2006 WL 1030284, at *1 (E.D. Pa. Apr. 18, 2006); *see also Bryant v. United States*, 618 F. App'x 683, 685 (Fed. Cir. 2015) (upholding a denial of IFP status due to pension income). In addition, courts "have consistently considered not only an IFP applicant's personal income, but also his or her other financial resources, including the resources that could be made available from the applicant's spouse, or other family members." *Helland v. St. Mary's Duluth Clinic Health System,* No. 10-31, 2010 WL 502781, at *1, n. 1 (D. Minn. Feb. 5, 2010); *accord Shahin v. Sec'y of Delaware*, 532 F. App'x 123 (3rd Cir. 2013) (holding district court did not abuse its discretion in requiring plaintiff to disclose spouse's assets); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y.

2002) (courts consider "the resources that the applicant has or 'can get' from those who ordinarily provide the applicant with the necessities of life,' such as 'from a spouse, parent, adult sibling, or other next friend'").

In this case, Plaintiff states he has no salary and his only income over the past 12 months was from family, loans, and a $370,000 judgment or settlement in a lawsuit. (R. 2, PageID.5.) He does not say how much he received from family and he could not remember the amount of his loans. (*Id.*) His attempt to trace his receipts and expenditures of these funds is difficult to follow, but the end result is that $60,000 sits in his bank account or is on hand in cash. (R. 2, PageID.5-6.) Aside from this sum, his other assets include a video game and a watch. (R. 2, PageID.6.) As for debts, Plaintiff seems to contradict himself, reporting income from loans (the amount of which he forgot) but later denying any debts or financial obligations. (R. 2, PageID.5-6.) Regular expenses were transportation costs (to doctors' offices, CVS, and to see his children) and monthly rent of $250. (R. 2, PageID.6.) Despite mentioning his children, he did not give their ages and claimed to have no dependents. (*Id.*)

The largest and likely only cost that Plaintiff would be spared by IFP status is the $400 filing fee. *See* Eastern District of Michigan Fee Schedule, https://www.mied.uscourts.gov/index.cfm?pageFunction=coFeeSchedule (last accessed April 18, 2019). Plaintiff's $60,000 in cash or in his bank account more than covers that fee, even with the uncertainties surrounding his possible debts.[1] Much smaller piles of available cash have been found adequate to deny IFP

---

[1] Plaintiff's counsel has a record of filing IFP applications that leave required questions unanswered. *See Gater obo J.G. v. Berryhill*, 17-cv-12375, 2017 WL 8682366, at *2 (E.D. Mich. Aug. 10, 2017) (collecting cases). Answering "I forget" is similarly unilluminating, especially when the statement appears to clash with other averments in Plaintiff's application. Likewise with whether Plaintiff has dependents, as he mentions his children and the transportation costs to see them but claims no dependents and no other related expenses. Any ambiguities here, however, do not require supplementation because Plaintiff's liquid assets are large enough to preclude him

3

applications. *See, e.g.*, *Sawyer v. Trott*, No. 2:18-cv-13684, 2018 WL 6626544, at *1 (E.D. Mich. Nov. 29, 2018) ($1500), *Rep. & Rec. adopted by* 2018 WL 6620909 (E.D. Mich. Dec. 18, 2018); *Giles v. Comm'r of Soc. Sec.*, No. 14–CV–11553, 2014 WL 2217136, at *1-2 (E.D. Mich. May 29, 2014) ($1478); *see also Scotti v. Brennan*, No. 09–11953, 2009 WL 1689892, at *2 (E.D. Mich. June 16, 2009) (denying IFP when monthly expenses nearly equaled monthly income and the only reported asset was a vehicle worth $1000). Although he also uses these funds for recurring expenses, the expenses are moderate and can be met even if he must pay the filing fee. And while Plaintiff lacks regular income, he receives an unstated amount of support from family, which the Court can consider when denying the application. *See Fridman*, 195 F. Supp. 2d at 537.

For these reasons, I conclude that Plaintiff can afford to pay the normal fees and costs without undue hardship and that his application to proceed IFP (R. 2) should be denied.

## III. REVIEW

Rule 72(b)(2) of the Federal Rules of Civil Procedure states that "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2). *See also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 155; *Howard v. Sec'y of Health &*

---

from IFP status. Even if the inconsistencies deprived the Court of sufficient information to determine Plaintiff's indigency, such failure to give a full account of his financial status could provide a reason to deny the application. *Cf. Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) ("We conclude that the district court did not abuse its discretion in denying IFP status after [the Plaintiff], having been specifically instructed on how to establish indigent status, failed to fill out the proper forms or to otherwise provide the district court with the requisite information.").

4

*Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 950 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). According to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  April 19, 2019                               S/ PATRICIA T. MORRIS
                                                    Patricia T. Morris
                                                    United States Magistrate Judge

### CERTIFICATION

I hereby certify that the foregoing document was electronically filed this date through the Court's CM/ECF system which delivers a copy to all counsel of record.

Date: April 19, 2019                                By s/Kristen Castaneda
                                                    Case Manager